IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**TAUREAN JERRELL EDWARDS,**
        Petitioner,
v.                                        Civil Action No. **3:21CV35**

**HAROLD CLARKE,**
        Respondent.[1]

**MEMORANDUM OPINION**

Taurean Jerrell Edwards, a Virginia prisoner proceeding *pro se*, brings this petition pursuant to 28 U.S.C. § 2254 ("§ 2254 Petition," ECF No. 10) challenging his convictions in the Circuit Court for the County of Chesterfield ("Circuit Court"). Respondent moves to dismiss on the ground that the one-year statute of limitations governing federal habeas petitions bars the § 2254 Petition. Edwards has responded. For the reasons set forth below, the Motion to Dismiss (ECF No. 15) will be GRANTED.[2]

**I. PROCEDURAL HISTORY**

Edwards was convicted in the Circuit Court of Abduction and Strangulation. (ECF No. 17–1, at 1.) On November 20, 2018, the Circuit Court entered Edwards's sentencing order and sentenced Edwards to fifteen (15) years of imprisonment for the above offenses. (*Id.* at 1–2.) Before the entry of that order, Edwards filed a motion to modify that sentence. Motion to Modify Sentence at 1, *Commonwealth v. Edwards*, Nos. CR18F00982–01;02, CR18M00992–01;02 (Va. Cir. Ct. filed Nov. 3, 2018). On August 29, 2019, the Circuit Court denied Edwards's Motion to

---

[1] Respondent's motion to correct the name of the Respondent is GRANTED and Respondent's name is corrected to that reflected above.

[2] The Court corrects the capitalization, spelling, and punctuation in the quotations from the parties' submissions. The Court employs the pagination assigned by the CM/ECF docketing system.

Modify Sentence. *Commonwealth v. Edwards*, Nos. CR18F00982–01;02, CR18M00992–01;02 (Va. Cir. Ct. Aug. 29, 2019).

Edwards did not appeal or file a petition for a writ of habeas corpus in the Virginia courts.

On December 28, 2020, Edwards mailed his original 28 U.S.C. § 2254 Petition to this Court.[3] That petition, however, did not contain any claims for relief. On April 12, 2021, Edwards filed his present § 2254 Petition, wherein he asserts the following claims for relief:

| | |
|---|---|
| Claim One through Four | The prosecutor presented inaccurate information at Petitioner's sentencing hearing and sentence modification hearing. (ECF No. 10, at 19–23.) |
| Claim Five | Trial counsel failed to call all of Petitioner's witnesses at the sentencing hearing. (*Id.* at 24–26.) |
| Claim Six | "Counsel failed to appeal drastic departure from probation to six-month guidelines." (*Id.* at 27.) "Counsel filed for sentence modification instead of appeal against [Petitioner's] wishes." (*Id.* at 13.) |
| Claim Seven | Counsel provided ineffective assistance when he advised Petitioner to plead guilty instead of going to trial. (*Id.* at 28.) |
| Claim Eight | "Counsel failed to disclose hearsay evidence to Petitioner so that it could be effectively cross-examined during sentence modification." (*Id.* at 35.) |

## II. ANALYSIS

### A. Statute of Limitations

Respondent contends that the federal statute of limitations bars Edwards's claims. Section 101 of the Antiterrorism and Effective Death Penalty Act ("AEDPA") amended 28 U.S.C. § 2244 to establish a one-year period of limitation for the filing of a petition for a writ of habeas corpus

---

[3] This is the date Edwards states that he placed his § 2254 Petition in the prison mailing system (*see* ECF No. 1, at 15), and the Court deems his § 2254 Petition filed as of that date. *See Houston v. Lack*, 487 U.S. 266, 276 (1988).

by a person in custody pursuant to the judgment of a state court. Specifically, 28 U.S.C. § 2244(d) now reads:

> 1. A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> 2. The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

### B. Commencement and Running of the Statute of Limitations

Under 28 U.S.C. § 2244(d)(1)(A), Edwards's judgment became final on Thursday, December 20, 2018, when the time for filing a notice of appeal expired. *See Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002) ("[T]he one-year limitation period begins running when direct review of the state conviction is completed or when the time for seeking direct review has expired ...." (citing 28 U.S.C. § 2244(d)(1)(A))); Va. Sup. Ct. R. 5A:3(a) (requiring that a notice of appeal be filed within thirty (30) days of the entry of judgment). Nevertheless, the limitation period remained tolled under 28 U.S.C. § 2244(d)(2) while Edwards's Motion to Modify Sentence was pending before the Circuit Court. *See Mitchell v. Green*, 922 F.3d 187, 193–98 (4th Cir. 2019) (concluding

that limitation period was tolled while a motion to modify sentence was pending). The limitation period began to run on August 30, 2019, the day after the Circuit Court denied the Motion to Modify Sentence. The limitation period ran for well over a year before Edwards filed his § 2254 Petition in this Court on December 28, 2020. Neither Edwards nor the record suggest any basis for a belated commencement of the limitation period under 28 U.S.C. 2244(d)(B)–(D) or some equitable exception to the limitation period that would render the § 2254 Petition timely.[4] Accordingly, § 2254 Petition is barred by the relevant statute of limitations

### III. CONCLUSION

For the foregoing reasons, Respondent's Motion to Dismiss (ECF No. 15) will be GRANTED. Edwards's § 2254 Petition (ECF No. 10) will be DENIED. A certificate of appealability will be DENIED. The action will be DISMISSED.

An appropriate Final Order shall issue.

Date: 6 October September 2021
Richmond, VA

/s/
John A. Gibney, Jr.
United States District Judge

---

[4] For Edwards's claims pertaining to his Motion to Modify Sentence, Edwards would be entitled to a belated commencement of the limitation period until August 22, 2019, the date the Circuit Court conducted a hearing on that motion. *See Commonwealth v. Edwards*, Nos. CR18F00982–01;02, CR18M00992–01;02 (Va. Cir. Ct. Aug. 29, 2019). However, the limitation period had been tolled continuously from December 20, 2018 until the Circuit Court denied the Motion to Modify Sentence on August 29, 2019. Thus, a belated commencement of limitation period until August 22, 2019 would not make any of Edwards's claims timely.